CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JUL 1 0 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID LYNN HALL, JR., ) | |
|     Plaintiff, ) | Civil Action No. 7:08cv00343 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| US EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, et al., ) | By: Hon. Jackson L. Kiser |
|     Defendants. ) | Senior United States District Judge |

Plaintiff David Lynn Hall, Jr., an inmate at Middle River Regional Jail in Churchville, Virginia, has filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. For the following reasons, the action will be dismissed as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff states that

> the refusal by Marshall, Inc., to re-hire me in September of 2007[1] because of my prior employment with it is in violation of the Americans With Disabilities Act. I was in Special Education in high school and because of it was placed in an employment-grant program which allowed me to go to work as a full-time textile plant worker rather than attend school classes. I left my employment after having worked long enough to qualify as a permanent employee as well as a candidate for high school graduation. I completed my school curriculum of driver's education on my own time, and I graduated with my high school senior classmates.
>
> The plant, Marshall, Inc., offered its employees a 30-day leave of absence to enroll in drug abuse treatment. I had requested the leave period to take my driver's education course so that I could graduate with my school class in an on par status with everyone else, which I did – but my plant leave request was denied and I was fired. I was not re-hired by the plant (like my co-workers were who had also left but wanted to come back) or worked elsewhere after graduation. Most certainly because the asthma, ADHD, anxiety-depression and epilepsy complications (of my criminal

---

[1] In September 2007, plaintiff was awaiting sentencing. Records for the Circuit Court for Augusta County, Virginia, indicate that plaintiff was arrested on February 18, 2007, on the charge of carnal knowledge of a child in violation of Virginia Code § 18.2-63. The offense date is December 16, 2006. A grand jury returned a true bill against plaintiff on April 23, 2007. Plaintiff was found guilty at trial on July 27, 2007, and was sentenced on November 29, 2007. Plaintiff was sentenced to 10 years in prison, with 8 years an 8 months suspended, and 10 years of supervised probation. Plaintiff states that his criminal appeal is pending at the Court of Appeals of Virginia.

Presentence Investigative Report, for instances) which were observant when I was working on my plant job gave me a bad work reference during my job interviews.

* * *

I was not employed at the time of my criminal sentencing, so the Virginia Augusta County Circuit Court gave me a 5-points risk factor for having no job. Meaning that I was given a 10-year sentence with 16 months of it being actual incarceration in the state penitentiary rather than less than one-half of this time in a local jail. Which is the low-end recommended sentence someone who had no mental or physical disturbance, and no loss of employment because of it, would have gotten for the same crime. Also, testimonials that I was having an epileptic seizure at the time of my alleged criminal affair of carnal knowledge has yet to be given a criminal review. . . .

* * *

I am seeking relief as an inmate complainant under the "prisoners mistreatment" under the Code of Virginia as well as state and federal habeas corpus statutes. I am pleading for self-esteem, education and employment support particularly under the American with Disabilities Act.

(Verbatim quotes.)

Plaintiff has submitted a supplement to his complaint. Plaintiff's supplement states, in part:

This is basically a "age discrimination" and "research data" addition to my complaint as well as a notice of appeal of the June 23, 2008 EEOC refusal to reconsider.

I am a 21-year-old inmate at the Middle River Regional Jail. My age has been preserved as a jurisdictional issue for review in my . . . Petition for Appeal at the Court of Appeals of Virginia. . . . I am a party to my mother's remanded . . . claim for Social Security Administration Disability. My having been placed in a Special Education job/school grant program at age 17 when I was a junior in high school would prove to be disastrous for me.

* * *

My turning 18 and being fired from my Special Education grant program's employer for taking 30 days off to complete my school curriculum of driver's education so that I could graduate on par with my classmates who had their driver's license, my having been given a bad work reference because of my Special Education needs-reoccurrances [sic] on-the-job and, though I graduated during the meanwhile, my not having been re-hired by my high school employer as well

2

as by no one else because of my Special Education work history is age-factor as well as disability-factor discrimination against me. The U.S. Supreme Court ruled on May 27, 2008 in favor of giving even inmates like me more leeway when filing "retaliation" or "reemployment" discrimination lawsuits such as mine.

      I will not be able to rid myself of my medical complications. I can only manage them with treatment. My medical condition as well as my felony conviction will hinder my competitiveness in the marketplace as well as my being able to meet the employment requirements of my probation upon my release back into society. My felony is already a much more of a severe impariment [sic] (because I have one my prior employee would have me waiting 7 years before allowing me to even be applying to get my job back) than is any of my medical limitations when it comes to looking for work or just plain living. My doing dead time in jail because of my felony conviction means my being provided virtually no equal-employment or preparedness for the future at all.

      My Presentence Investigative Report is revealing that my Special Education need-reoccurrences pertain to my diagnosis of astham [sic] and anxiety-depression as well as ADHD and epilepsy. My I.Q. at age 13 was 83 and, as evident by the artwork or graphic designs that I construct at my own expense and mail home, I am self-esteem, education and employment relatedly advancing. I am collaterally attacking my felony conviction if not also my medical prohibitions. The true nature of my carnal knowledge case is actual innocence and my criminal defense under the federal Adam Welsh Act and the Virginia "marriage loophole" is this: She was 14 and I was 5 years and some months older chronology [sic]. Her testimony was that of my being a same-age "Ducky David" and that I was acting incoherently and not talking. My mother's eye-witness testimonial that I was outside having a seizure and throwing up has been given neither a medical nor a judicial review.

      This is my own case-study challenging to the raw data of the study released on May 22, 2008 by the National Center for State Courts which concluded that the Virginia criminal sentencing guidelines have erased discrimination by not being influenced be [sic] economic status and the like: I was given a 5-points risk factor for having no job – that is. Because I was not employed at the time of my sentence, I was handed down a 10-year state penitentiary sentence that incluided [sic] my having to 16 months of actual incarceration and the remaining time being that on supervised probation (and having to meet its work requirement). Having been employed and given 5 less points would have qualified me for the crime's low-end sentencing recommendation of having to serve less than one-half of the incarceration time I got and it would be in a local jail rather than a state prison.

      The sentencing judge at my sentencing hearing had himself shrugged his shoulder when commenting that I also got a 9-pointer for an in-residence when it

3

would have been only a 4-pointer for an in-car. The "0"-pointer place-of-employment was not given a judicial review. I lived on a Christmas tree farm. According to my IRS Tax Transcripts, my self-owned tree stand was in full operation at the time of my alleged affair. My mother's eye-witnessed testimonial that I was out-of-doors and having an epileptic seizure would be a 3-points risk factor issue.

(Verbatim quotes.)

Construing the complaint liberally, plaintiff alleges that his having been convicted and subjected to incarceration will subject him to employment discrimination in the future. As plaintiff stated in his supplemental complaint: "My doing dead time in jail because of my felony conviction means my being provided virtually no equal-employment or preparedness for the future at all."[2]

Pursuant to § 1915A(b)(1), the court must dismiss a complaint as soon as practicable if the court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A complaint may be dismissed as frivolous if it "lacks an arguable basis in

---

[2] To be sure, the complaint could be construed as including challenges to his conviction and sentence. Plaintiff is advised that a challenge to his state conviction or sentence must be brought in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Under 28 U.S.C. § 2254(b), a federal court cannot grant habeas relief unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 119 S. Ct. 1728 (1999). In Virginia, a non-death row felon can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code §8.01-654. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.
  To the extent the complaint could be liberally construed as alleging that, as an inmate, plaintiff has been denied medical treatment for epilepsy, "ADHD," asthma, or "anxiety-depression," plaintiff may file a complaint detailing such allegations and naming proper defendants. The "US Equal Opportunity Commission" is not a proper defendant because it is not a "person" acting under color of state law, West v. Atkins, 487 U.S. 42 (1988), and neither the "US Equal Opportunity Commission" nor the "Virginia Attorney General," the only defendants plaintiff has named, could be reasonably construed as being deliberately indifferent to any serious medical need plaintiff may have experienced.

4

law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional" or if it is based on legal theories that are indisputably meritless. Id. at 327-28. Under this standard of frivolity, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Having reviewed the instant complaint, the court concludes that plaintiff's allegations are clearly delusional, and the legal theory upon which his complaint is based is indisputably meritless. Neitzke, 490 U.S. at 327-28. Therefore, the complaint will be dismissed as frivolous pursuant to § 1915A(b)(1).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 10th day of July, 2008.

/s/ Jackson L. Kiser
Senior United States District Judge